**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION - CINCINNATI**

| | | |
|---|---|---|
| TIMOTHY ODELL SAVAGE, | : | Case No. 1:26-cv-34 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| OFFICER RAYMOND SEAHOUSE, et al., | : | |
| | : | |
| Defendants. | : | |

## ORDER AND OPINION

This matter is before the Court on the Magistrate Judge's Report and Recommendation (Doc. 4). Plaintiff Timothy Odell Savage filed Objections (Doc. 6) to the Report and Recommendation. This matter is now ripe for the Court's review.

The Court conducts de novo review of any portions of the Report and Recommendation properly objected to by a party. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). "The filing of vague, general, or conclusory objections," however, "does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Arteaga v. Cinram-Technicolor*, No. 3:19-CV-349, 2022 WL 1256659, at *1 (M.D. Tenn. Apr. 27, 2022) (distinguishing between properly specified objections and general objections).

Magistrate Judge Karen L. Litkovitz prepared a Report and Recommendation that recommends dismissing Plaintiff's claims against Defendant City of Mount Healthy,

Defendant City of Cincinnati, and against Defendant Officer Raymond Seahouse and Defendant Sergeant Jones in their official capacities. (Report, Doc. 4, Pg. ID 42-48.) That being said, the Magistrate Judge recommends that the following claims shall proceed at this juncture: Plaintiff's claims against Defendant Seahouse in his individual capacity on Plaintiff's Fourth Amendment claims of false arrest, unlawful search and seizure of property, and malicious prosecution, and on Plaintiff's First Amendment retaliation claim, and on his failure-to-intervene claim against Defendant Jones in his individual capacity. (*Id.* at Pg. ID 47.)

Plaintiff objects that dismissal of his *Monell* claims is premature. (Objections, Doc. 6, Pg. ID 54.) In order for a municipality to be held liable under 42 U.S.C. § 1983, a plaintiff must demonstrate: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013). "Congress did not intend to impose liability on a municipality unless *deliberate* action attributable to the municipality itself is the 'moving force' behind the plaintiff's deprivation of federal rights." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 400 (1997). Plaintiff's Complaint revolves around the individual actions—or inactions—of Defendant Seahouse and Defendant Jones in relation to a traffic stop. (Compl., Doc. 3, Pg. ID 35.) Plaintiff's mere allegation that Defendant City of Cincinnati and Defendant City of Mount Healthy were responsible for training, supervising, and disciplining officers is insufficient to plausibly state a *Monell* claim. *See Wright v. Louisville*

*Metro Gov't*, 144 F.4th 817, 827 (6th Cir. 2025) (rejecting threadbare recitals in the *Monell* pleading context); *Sistrunk v. City of Hillview*, 545 F. Supp. 3d 493, 501 (W.D. Ky. 2021) (similar). And, as correctly recognized within the Report and Recommendation, the Complaint does not plausibly allege how any municipal policy, custom, or practice caused a violation of Plaintiff's federal rights. (Report, Doc. 4, Pg. ID 47); *Freeman v. Spoljaric*, 667 F. Supp. 3d 636, 651 (S.D. Ohio 2023) ("A *Monell* claimant must demonstrate that the municipality had a policy or custom that caused the violation of his rights.") (cleaned up). Accordingly, Plaintiff's objection lacks merit.

It also appears that Plaintiff objects to the dismissal of his failure-to-intervene claim against Defendant Jones. (Objections, Doc. 6, Pg. ID 54.) But, the Magistrate Judge does not recommend dismissing Plaintiff's failure-to-intervene claim against Defendant Jones. (Report, Doc. 4, Pg. ID 45, 47.) Thus, this objection is not well taken.

In the event that the Court finds Plaintiff's Complaint inadequate, Plaintiff seeks leave to amend. (Objections, Doc. 6, Pg. ID 54.) Plaintiff, however, does not provide a proposed amended complaint. "The problem with the lack of a motion or proposed amendment is that[,] without viewing the proposed amendment, it is impossible for the district court to determine whether leave to amend should [be] granted." *United States ex rel. Harper v. Muskingum Watershed Conservancy Dist.*, 739 F. App'x 330, 335 (6th Cir. 2018) (cleaned up); *see also Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014) ("A request for leave to amend almost as an aside to the district court in a memorandum in opposition to the defendant's motion to dismiss is not a motion to amend.") (cleaned up). Another consideration is also at play: "If a complaint satisfies the criteria set forth in

[28 U.S.C.] § 1915(e) when filed, the district court is required to dismiss the complaint without affording the plaintiff an opportunity to amend it." *Reagan v. Hull*, 99 F. App'x 734, 736 (6th Cir. 2004); *see also Moniz v. Hines*, 92 F. App'x 208, 212 (6th Cir. 2004). Plaintiff's request for leave to amend is therefore denied.

**CONCLUSION**

Upon review, Plaintiff's Objections (Doc. 6) are not well taken and are therefore **OVERRULED**. Accordingly, the Court **ORDERS** the following:

(1) The Report and Recommendation (Doc. 4) is **ADOPTED** in full; and

(2) Plaintiff's Complaint is hereby **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B), with the exception of Plaintiff's claims against Defendant Seahouse in his individual capacity on Plaintiff's Fourth Amendment claims of false arrest, unlawful search and seizure of property, and malicious prosecution, and on Plaintiff's First Amendment retaliation claim, and on his failure-to-intervene claim against Defendant Jones in his individual capacity.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: Matthew W. McFarland [signature]
JUDGE MATTHEW W. McFARLAND